**Robert E. HILL, individually and as parent and next friend of Tasha R. Hill, a minor; and Cynthia G. Hill, individually, and as parent and next friend of Tasha R. Hill, a minor, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 90–B–1071.

United States District Court,
D. Colorado.

Oct. 12, 1994.

Shelly B. Don, David L. Hiller, Watson W. Galleher, Don, Hiller & Galleher, P.C., Denver, CO, for plaintiffs.

John Moran, U.S. Army Litigation Div. Tort Branch (Moran), Arlington, VA, Roger D. Einerson, Assistant Director, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, DC, Stephen D. Taylor, Asst. U.S. Atty., Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This is a case under the Federal Tort Claims Act in which the government admitted liability for the negligent treatment of infant, Tasha Hill at the Evans Army Hospital in October 1988. After trial to the court on the issue of damages, on July 14, 1994, I ordered that judgment enter in favor of Robert E. Hill and Cynthia Hill as parents and next friends of Tasha R. Hill against the government in the amount of $13,528,400. *Hill v. United States,* 854 F.Supp. 727, 734–35 (D.Colo.1994). All parties agree that it is appropriate for the money to be placed in a trust for the benefit of Tasha. The key issue remaining is whether the trust should contain a reversionary clause in favor of the government. Resolution of this issue is central to the trust's terms and structure. The question is fully briefed. Oral argument will not assist its resolution.

I have considered the parties' proposed trust instruments and their respective objections. Frankly, I am at a loss to understand the entire tenor of the government's objections to the plaintiffs' proposed trust especially in light of the tragic effect of the government's admittedly negligent care of Tasha. The government requests that I in-

clude in the proposed trust a reversionary clause on its behalf. The government also objects to Shelley B. Don, plaintiffs' competent and ethical lead counsel, being named as trustee. In addition, the government proposes its own form of trust. I find the government's objections and proposed trust, each in its own way, to be wholly unacceptable. I further find plaintiffs' proposed trust to be acceptable and that Mr. Don is qualified to serve as trustee. Under the facts of this case, I decline to add to the trust a reversionary clause in favor of the government.

### Reversionary Clause

■ Under *Hull v. United States,* 971 F.2d 1499 (10th Cir.1992), I have the inherent authority to create a trust which includes a reversionary interest if the reverter is in the best interest of the injured party. *Id.* at 1505. "[T]he court has [the] power (1) to ensure that the recovery benefits the victim, and (2) to exercise strict supervision over investment and use of the funds if the victim is a legal incompetent or otherwise in need of protection." *Hull* at 1505, *quoting Reilly v. United States,* 863 F.2d 149, 170 (1st Cir. 1988). The only inquiry is "[h]ow should [the trust] best be structured to benefit [the victim]?" *Hull* at 1505. The possibility that the parents might succeed to the injured child's award is not relevant. Neither is the possibility of a reverter to the government relevant. *Hull* at 1505. Under *Hull,* the imposition of a reversionary clause is the *exception,* not the rule. Also, the party seeking the reversionary clause, in this case the government, bears the burden of showing that the clause would serve the best interests of the injured child. *See Hull,* 971 F.2d at 1505; trial transcript, July 13, 1994 p. 21, ll. 11–15.

■ Despite demonstrating its understanding of *Hull* in its brief, the government complains that the Hills "provided no facts or arguments demonstrating that a reversionary interest in the United States would be against Tasha's interest." (Defendant's objections to plaintiffs' proposed trust p 4) (emphasis in original). Contrary to the government's distortion of *Hull,* it is their burden to persuade me that the reversionary clause is in Tasha's best interests. The government has failed utterly in this task. The sole and undisputed evidence is that Tasha's parents have provided exemplary care for their daughter from the moment of her injuries. The Hills are obviously devoted to their daughter. I have no reason to believe anything but that their selfless, meticulous care will continue for as long as they are able to care for her. In *Hull,* the government, the guardian ad litem, and the trial court all expressed concern about the child's safety if a reversionary clause were not part of the trust. In this case, in contrast, there is not a shred of evidence that Tasha is at any risk which would necessitate a reversionary trust.

The government also argues that I should order a reverter in the trust because it is "pure speculation to assume that Tasha's parents or a legal guardian other than Tasha's parents will only have her interests at heart." (Defendant's objections to plaintiffs' proposed trust p. 4). This argument itself is speculative and disingenuous. As I said, the quality of care given to Tasha by her parents has been outstanding from the inception of their terrible ordeal and there is not a scintilla of evidence that they will in any way act contrary to her best interests. In the unlikely event that the quality of Tasha's care were to deteriorate, the proposed trust provides several "failsafe" provisions to guard against such an event. (Plaintiffs' proposed trust, ¶ 6(c)(1); ¶ 6(c)(2); ¶ 8; ¶ 9(c)).

It might be appropriate to order a reversionary trust "where there is great uncertainty about the victim's life expectancy...." *Nemmers v. United States,* 795 F.2d 628, 636 fn. 4 (7th Cir.1986). In this case, however, based on persuasive expert testimony at trial, I entered findings of fact that "Tasha has a normal life expectancy of an additional 73.92 years ... [which is] clearly tied to the quality of her care." *Hill v. United States,* 854 F.Supp. at 729.

The government distorts the record when, in its brief, it attempts to displace my findings by proffering a contradictory opinion from a witness who did not testify at the trial. Moreover, although the term of life may generally be said to be metaphysical, it is specious to argue that Tasha's life expec-

tancy is uncertain in the discrete context of the record here. Her life expectancy is "clearly tied to the quality of her care." *Id.* It is logical to assume that the state of health of one who is as profoundly physically damaged as Tasha, is intrinsically linked to the quality of care given to her. Simply put, the better the quality of care Tasha receives, the longer she will live.

The government also argues that I should order a reversionary trust pursuant to the Colorado Health Care Availability Act, C.R.S. 13-64-201, *et. seq.* (Def.Opp. p 9). The government ignores the express stipulation it entered into during trial that the Health Care Availability Act does not apply to this matter. (trial transcript, May 24, 1994 p. 762-65). As I stated during the trial, and the government agreed, "[t]he circuit has told me in essence to disregard the public policy expressed in the statute. And we have agreed by express stipulation that this case, a federal case, isn't going to be governed *in any way* by this statute." (trial transcript, July 13, 1994, p. 25) (emphasis added). The government remains bound by its unambiguous stipulation which was made on the record in open court and accepted by the court. *Mills v. State Farm Mutual Automobile Ins. Co.*, 827 F.2d 1418, 1422 (10th Cir.1987). The government's penurious motivation is manifest. I will not allow the government to renege on the stipulation to gain a benefit for itself.

Under the facts of this case, I conclude that the government has failed to show that a reversionary clause is in Tasha Hill's best interest. Rather, contrary to *Hull's* clear teaching, the government as tortfeasor here, advocates a reverter to further its own, not Tasha's, interests. Finally, even if the government did not bear the burden upon the reverter question, the record fully supports the conclusion that the Hills have independently shown why a reversionary clause is unwarranted in this case.

### Government's Objections to Plaintiffs' Proposed Trust

■ The government also objects to several terms of plaintiffs' proposed trust. However, the government sorely misconstrues its role. If there is any lingering doubt about the source of Tasha's catastrophic injuries, let me lay them to rest. The United States government, through its agents, caused Tasha's injuries. The funds which will make up the trust may come from the government, but the government is not, as it euphemistically calls itself, the "grantor." (defendant's proposed trust agreement p. 1). The government is the *tortfeasor.* I decided the damage amounts in light of "justice and equity both to the Government and to the claimants." *Hull* at 1505. (quoting Report of the Joint Committee on the Organization of Congress). "[A]fter the wrongdoer and its funds have been parted, the focus shifts...." *Id.* The tortfeasor's obligation to the victim ceases when it pays the damages to fund the trust. *Id.* The tortfeasor's right to have a say in the specifics of the trust ceases also, especially when, as here, there is no reverter clause in the trust. For this reason, the government's objections to the details of the proposed trust are out of order. Even if considered, however, these objections are without merit.

### Nature and Terms of Plaintiffs' Proposed Trust

#### Purpose of the Trust

The purpose of the trust is "to provide for the personal, medical, therapeutic, cognitive, psychological and rehabilitative care of Tasha R. Hill in order to maximize her mental development and minimize her physical disabilities to the fullest extent possible, so as to maximize her enjoyment of life and to extend her life." (plaintiffs' proposed trust ¶ 4a). This is absolutely correct.

#### Independent Trustee

The plaintiffs have requested that Shelley B. Don, lead counsel in this litigation, serve as trustee of Tasha's trust. (plaintiffs' reply p. 17). Again, I agree.

■ Under the trust terms, the trustee is responsible for oversight and coordination of all of Tasha's needs which will necessarily require extensive, ongoing communications between the trustee and Tasha's parents. Mr. Don has known Tasha and her parents for years. The parents obviously have deep

confidence in Mr. Don based on their long, close relationship with him. Mr. Don has served as trustee of other substantial trust estates. *Id.* at 18. Under the terms of the trust, Mr. Don would not have any interest in the trust estate. Moreover, the trustee will be required to post a $10,000,000 bond. Under these circumstances, I conclude that Mr. Don is qualified to serve as trustee.

### Responsibilities and Duties of the Trustee

■ Under the trust terms, the trustee has the duty to assure that Tasha receives the medical, therapeutic, and rehabilitative services which are necessary and appropriate for her physical and emotional well-being. (plaintiffs' proposed trust ¶ 6c). The trustee's powers as outlined in the trust grant the trustee the flexibility necessary to carry out his duties. As a fiduciary, the trustee is expected to make decisions that at all times advance Tasha's best interests. All of the trustee's decisions are subject to review by the trust auditor and, ultimately, this court.

I conclude that the terms of the plaintiff's proposed trust are proper and necessary to further the best interests of Tasha Hill.

Accordingly, it is ordered that

1. plaintiffs' motion for a court-ordered trust for the benefit of Tasha Hill is GRANTED;

2. the government's motion for a proposed reversionary trust is DENIED;

3. a hearing will be held at 9:00 a.m. October 27, 1994, at which the terms of the trust agreement, including designation of the trustee and trust auditor, will be finalized.